LISA GRUEN (SBN 116077)
    lgruen@goldbergsegalla.com
ALEXANDRA B. ASCIONE (SBN 316499)
    aascione@goldbergsegalla.com
GOLDBERG SEGALLA LLP
777 S. Figueroa Street, Suite 2000
Los Angeles, CA 90017-5818
**Mailing Address:**
P.O. Box 17220
Los Angeles, CA 90017
Telephone:  213-415-7200
Facsimile:   213-415-7299

Attorneys for Defendants TRISTAR PRODUCTS, INC. and BED BATH & BEYOND

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ANDREA C. HERNANDEZ AND ROGER A. HERNANDEZ,<br><br>                              Plaintiffs,<br><br>        v.<br><br>TRISTAR PRODUCTS, INC.; BED BATH & BEYOND; AND DOES 1 THROUGH 100, INCLUSIVE,<br><br>                              Defendants. | Case No.: 2:20-CV-07367 MCS (JPRx)<br>Judge:  Hon. Mark C. Scarsi, Dept. 7C<br><br>**ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER**<br><br><br>Complaint Filed:  07/13/2020<br>Removed from State Court: 8/14/2020 |

GOLDBERG SEGALLA LLP
P.O. Box 17220
Los Angeles, CA  90017
213-415-7200

1.    **INTRODUCTION**

        Plaintiffs, ANDREA C. HERNANDEZ AND ROGER A. HERNANDEZ, and DEFENDANTS, TRISTAR PRODUCTS, INC. and BED BATH & BEYOND (hereinafter "DEFENDANTS"), by and through their respective attorneys (referred to collectively as "THE PARTIES"), hereby enter into the following STIPULATION and PROTECTIVE ORDER (hereinafter "PROTECTIVE ORDER") concerning documents, materials and information to be produced by THE PARTIES. DEFENDANT desires to maintain the confidentiality of the documents and/or things itself as well as the confidentiality of the fact of their existence, their

description and identity and their sum and substance. The parties, their attorneys, their experts, and their agents have agreed to comply with the letter and intent of such confidentiality.

### 1.1     PURPOSES AND LIMITATIONS

Specifically, the Parties to this action contemplate that discovery will involve information and documents that contain personal medical and financial information, trade secrets, proprietary or competitively sensitive financial and business information, and other private or confidential information. The Parties request entry of this Stipulation for Protective Order ("Protective Order") to establish procedures to enable the parties to obtain discovery of such information and documents; to protect against public disclosure; and to promptly resolve disputes over confidentiality. The Parties, through their counsel of record, stipulate as follows:

### 1.2     GOOD CAUSE STATEMENT

This Protective Order is warranted because certain documents, information, records, and other DEFENDANTS materials contain proprietary or confidential information which Defendants believe is entitled to be protected by a Court Order against disclosure to competitors or to third persons for any purpose other than its use in this specific litigation. Confidential Information derives value from not being publicly known, and public disclosure could lead to serious and unwarranted injury. "Confidential Information" refers to information that is private, confidential, or proprietary, including, but not limited to, the following possible representative but non-exclusive examples:

- personally identifiable information
- medical records
- taxes and other financial records
- accounting or financial statements (not including publicly available financial statements)
- trade secrets

GOLDBERG SEGALLA LLP
P.O. Box 17220
Los Angeles, CA  90017
213-415-7200

- commercial, financial, pricing, budgeting, revenue, profit, or accounting information
- information about existing and potential customers
- marketing studies and projections
- business strategies, decisions, or negotiations
- compensation, evaluations, and employment information
- proprietary information about affiliates, parents, subsidiaries, and third-parties with whom the parties have or have had business relationships
- any other information whose disclosure could cause an invasion of privacy or competitive business harm.

Such documents and other materials will be disclosed to the PLAINTIFF or other parties subject to the stipulation that the use of such materials shall be limited by the terms of this Protective Order.

## 2.   <u>DEFINITIONS.</u>

2.1   Action: This pending federal lawsuit named *Hernandez, et al. v. Tristar Products, Inc. et al.*, filed under Case No.: 2:20-CV-07367

2.2   Challenging Party:  a Party or Nonparty that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement.

2.4   Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5   Designating Party:  a Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6   Disclosure or Discovery Material:  all items or information, regardless

GOLDBERG SEGALLA LLP
P.O. Box 17220
Los Angeles, CA  90017
213-415-7200

of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8    House Counsel:  attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Nonparty:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

2.11    Party:  any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:  a Party or Nonparty that produces Disclosure or Discovery Material in this Action.

2.13    Professional Vendors:  persons or entities that provide litigation support services (for example, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    Protected Material:   any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

GOLDBERG SEGALLA LLP
P.O. Box 17220
Los Angeles, CA  90017
213-415-7200

2.16  Documents:   The term "documents" includes all information or communications in any written or electronic form, regardless of format, and includes visual depictions such as photographs and videos.

2.17  Attorneys' Eyes Only:  The label "Attorneys' Eyes Only" shall be used in the manner proscribed in subparagraph 7.2 below and means that the only person(s) allowed to view information so labeled are counsel for the party who requests the information, subject to subparagraph 7.1(a) below, or an expert or consultant, subject to subparagraph 7.1(d) below.

## 3.  **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also any information copied or extracted from Protected Material; all copies, excerpts, summaries, or compilations of Protected Material; and any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

## 4.  **DURATION**

Once a case proceeds to trial, all the information that was designated as confidential or maintained under this Order becomes public and will be presumptively available to all members of the public, including the press, unless the trial judge finds compelling reasons to proceed otherwise.  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" needed for merits-related documents).  Accordingly, the terms of this Order do not extend beyond the beginning of trial.

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition is the later of (1)

GOLDBERG SEGALLA LLP
P.O. Box 17220
Los Angeles, CA  90017
213-415-7200

dismissal of all claims and defenses in this Action, with or without prejudice, or (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time under applicable law.

## 5.   DESIGNATING PROTECTED MATERIAL

5.1   Each Party or Nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (for example, to unnecessarily encumber the case-development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items it designated for protection do not qualify for that level of protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   Except as otherwise provided in this Order, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

(a)  for information in documentary form (for example, paper or electronic documents but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix at a minimum the legend

GOLDBERG SEGALLA LLP
P.O. Box 17220
Los Angeles, CA  90017
213-415-7200

"CONFIDENTIAL" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualify for protection, the Producing Party must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all material made available for inspection must be treated as "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (for example, by making appropriate markings in the margins).

(b)  for testimony given in depositions, the Designating Party must identify the Disclosure or Discovery Material that is protected on the record, before the close of the deposition.

(c)  for information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrant protection, the Producing Party, to the extent practicable, must identify the protected portion(s).

5.3   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for that material.  On timely correction of a

designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4    <u>Good Faith Claims</u>.  All claims of confidentiality and objections to those claims must be made under a good faith belief that the information satisfies (or, in the case of objections, does not satisfy) the definition of Confidential Information.

5.6    <u>Produced Documents</u>.  A party producing documents that it believes constitute or contain Confidential Information shall label the documents with the following legend or something substantially similar to clearly advise of the confidential nature of the contents:

> CONFIDENTIAL:  Subject to Protective Order in Case No. 2:20-CV-07367 MCS(JPRx)  in the United States District Court, Central District of California-Western Division

The label shall not obliterate or obscure the contents. If a document containing Confidential Information is produced in native format, the file name shall contain the term "Confidential Information" or otherwise clearly indicate that it contains information subject to this Protective Order. If any person or party makes copies of documents designated as containing Confidential Information, each copy must be marked as containing Confidential Information in the same form as the original document.

A party producing documents that are stored on data storage devices shall designate the data storage device as containing Confidential Information, by labeling the data storage device and files as described above. If the receiving party or other persons or entities to whom disclosure is authorized under this Protective Order make a copy of any data storage device designated by the producing party as containing Confidential Information, the receiving party or other authorized person shall mark each copy as containing Confidential Information in the same form as the notice on the original data storage device. If the receiving party or other authorized person

GOLDBERG SEGALLA LLP
P.O. Box 17220
Los Angeles, CA  90017
213-415-7200

prints or makes copies of the documents stored on such data storage device, each page must be copied with the label specified in this section.

Counsel shall maintain all copies of said Protected Material as strictly confidential and shall not show the copies or disclose information therein to any person other than individuals who are assisting counsel in the preparation and prosecution of this action alone, including expert witnesses, legal staff, and parties to this litigation. Without further order from the Court, said Protected Material shall not be disclosed for any purpose to any other individual, whether employed by a party to this action or not, who is known to be associated in anyway with a competitor of DEFENDANTS and/or any other DEFENDANTS' entity, with the exception of any expert who may be retained by any party for purposes of this case, provided his or her identity and position has been disclosed and he or she has signed a non-disclosure agreement in the form of Exhibit A attached to this Stipulation, prior to the disclosure of any Protected Material. The Protected Material shall not be disclosed for any purpose to any other individual who is not associated in any way to this litigation.

5.7     <u>Interrogatory Answers</u>.  If a party answering an interrogatory believes that its answer contains Confidential Information; it shall answer in a separate document that is designated as Confidential Information.

5.8     <u>Inspections of Documents</u>.  If the parties inspect documents rather than produce copies, no designation of Confidential Information needs to be made before the inspection. The party making documents available for inspection may designate categories of documents that contain Confidential Information, and the information contained in those documents shall be considered Confidential Information under this Protective Order. If the inspecting party selects documents to be copied, the producing party shall designate Confidential Information when the copies are produced.

5.9     <u>Deposition Transcripts</u>.  To the extent possible, testimony shall be designated confidential at the time it is given by deposition or otherwise, including

GOLDBERG SEGALLA LLP
P.O. Box 17220
Los Angeles, CA  90017
213-415-7200

any videotape depositions. Any confidential exhibits referred to in a deposition shall be noted as confidential in the record. The court reporter shall be advised of this Protective Order and given a copy of this Protective Order to be included with any transcript of the deposition. No person except those permitted access to Confidential Information by this Protective Order can attend depositions when Confidential Information is disclosed. Within 30 days after receiving a deposition transcript, a party may inform the other parties if the transcript or portions of it are designated as Confidential Information. If a party indicates at a deposition that the Confidential Information has been disclosed in the deposition, the transcript in its entirety shall be treated as Confidential Information for the 30 days. All persons and parties in possession of a copy of a designated deposition transcript shall appropriately mark it as containing Confidential Information. The confidential portion or portions, including exhibits, of such transcript shall be subject fully to the terms and conditions of this Protective Order. To the extent that such Protected Material has been or may be in the future used in the taking of depositions, it shall remain subject to the provisions of this Protective Order, and so shall the transcript pages of all deposition testimony relating to said Protected Material.

5.10   <u>Multipage Documents</u>.   A party may designate all pages of an integrated, multipage document, including a deposition transcript and interrogatory answers, as Confidential Information by placing the label specified in subparagraph 3.2 on the first page of the document. If a party wishes to designate only certain portions of an integrated, multipage document as Confidential Information, it should designate such portions immediately below the label on the first page of the document and place the labels specified in subparagraph 3.2 on each page of the document containing Confidential Information.

5.11   <u>Handling of Original Documents.</u> The originals of the above described documents shall remain in the custody of Defendants or their counsel. All copies of such material, however obtained, shall be subject to the terms of this Protective

GOLDBERG SEGALLA LLP
P.O. Box 17220
Los Angeles, CA  90017
213-415-7200

Order. No additional copies of any of the Protected Material shall be made unless pursuant to instructions by counsel in this litigation and unless counsel maintains a strict accounting of each such copy.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    Any Party or Nonparty may challenge a designation of confidentiality at any time consistent with the Court's scheduling order.

6.2    The Challenging Party must initiate the dispute-resolution process (and, if necessary, file a discovery motion) under Local Rule 37.

6.3    The burden of persuasion in any such proceeding is on the Designating Party.  Frivolous challenges, and those made for an improper purpose (for example, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties must continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of people and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a manner sufficiently secure to ensure that access is limited to the people authorized under this Order.

7.2    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following people:

GOLDBERG SEGALLA LLP
P.O. Box 17220
Los Angeles, CA  90017
213-415-7200

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of that Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel;

(e)  court reporters and their staff;

(f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)  during their depositions, witnesses and attorneys for witnesses to whom disclosure is reasonably necessary, provided that the deposing party requests that the witness sign the form attached as Exhibit A hereto and the witnesses will not be permitted to keep any confidential information unless they sign the form, unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed on by any of the Parties engaged in settlement discussions or appointed by the Court.

///

///

[PROPOSED] ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER

GOLDBERG SEGALLA LLP
P.O. Box 17220
Los Angeles, CA  90017
213-415-7200

## 8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must

(a)  promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order unless prohibited by law;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification must include a copy of this Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order should not produce any information designated in this action as "CONFIDENTIAL" before a determination on the protective-order request by the relevant court unless the Party has obtained the Designating Party's permission.  The Designating Party bears the burden and expense of seeking protection of its Confidential Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9.   A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL."  Such information is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

(b)  In the event that a Party is required by a valid discovery request to produce a Nonparty's Confidential Information in its possession and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's Confidential Information, then the Party must

(1)  promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(2)  promptly provide the Nonparty with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Nonparty, if requested.

(c)  If the Nonparty fails to seek a protective order within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's Confidential Information responsive to the discovery request.  If the Nonparty timely seeks a protective order, the Receiving Party must not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a ruling on the protective-order request.  Absent a court order to the contrary, the Nonparty must bear the burden and expense of seeking protection of its Protected Material.

## 10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately notify the Designating Party in writing of the unauthorized disclosures, use its best efforts to retrieve all unauthorized copies of the Protected Material, inform the person or people to whom unauthorized disclosures were made of the terms of this Order, and ask that person or people to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto

GOLDBERG SEGALLA LLP
P.O. Box 17220
Los Angeles, CA  90017
213-415-7200

as Exhibit A.

**11.** **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

**12.** **MISCELLANEOUS**

12.1   Nothing in this Order abridges the right of any person to seek its modification by the Court.

12.2   By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3   A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may be filed under seal only pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

**13.** **FINAL DISPOSITION**

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same

GOLDBERG SEGALLA LLP
P.O. Box 17220
Los Angeles, CA  90017
213-415-7200

person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, when appropriate) all the Protected Material that was returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

## 14.  **SANCTIONS**

Any willful violation of this Order may be punished by civil or criminal contempt, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: March 29, 2021                    GLICKMAN & GLICKMAN

And

**LAW OFFICES OF DAVID POURATI**

By: _____

Steven C. Glickman
David Pourati
Attorney for Plaintiffs,
 ANDREA C. HERNANDEZ and
 ROGER A. HERNANDEZ

DATED: ____April 1____, 2021            GOLDBERG SEGALLA, LLP

By: _____

LISA P. GRUEN, ESQ.
ALEXANDRA ASCIONE, ESQ.
Attorneys for Defendant,
TRISTAR PRODUCTS, INC. and
BED BATH & BEYOND

[PROPOSED] ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER

GOLDBERG SEGALLA LLP
P.O. Box 17220
Los Angeles, CA  90017
213-415-7200

**<u>ORDER</u>**

THE PARTIES' STIPULATION ABOVE IS APPROVED AND THE TERMS THEREOF ARE ORDERED this 5th day of April 2021.

BY THE COURT:

Honorable Jean P. Rosenbluth

GOLDBERG SEGALLA LLP
P.O. Box 17220
Los Angeles, CA  90017
213-415-7200

[PROPOSED] ORDER GRANTING STIPULATION FOR PROTECTIVE ORDER

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Central District of California on [date] in the case of *Hernandez, et al. v. Tristar Products, Inc. et al.*, Case No.: 2:20-CV-07367. I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

GOLDBERG SEGALLA LLP
P.O. Box 17220
Los Angeles, CA  90017
213-415-7200